UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------X
DENNIS KOZAK,

      Plaintiff,

- against -

PACIFIC SUMMA ENVIRONMENTAL
CORP. and its Successor, ARIES
RESOURCE CORP.,

      Defendants.
---------------------------------X

**MEMORANDUM AND ORDER**
06-CV-5643 (DRH) (AKT)

**A P P E A R A N C E S :**

**ZINKER & HERZBERG**
Attorneys for Plaintiff
278 East Main Street, Suite C
P.O. Box 866
Smithtown, New York 11787
By: Jeffrey Herzberg, Esq.

**LEFFLER MARCUS & McCAFFREY LLC**
Attorneys for Defendants
200 Madison Avenue, Suite 1901
New York, New York 10016
By: Seth L. Marcus, Esq.

**HURLEY, Senior District Judge:**

*INTRODUCTION*

   Plaintiff Dennis Kozak ("Plaintiff") brings this action seeking contribution and indemnity from defendant Pacific Summa Environmental Corp. ("Pacific Summa") and its successor Aries Resource Corp. ("Aries") (collectively, "Defendants"). Defendants move to dismiss the Complaint under Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6). For the reasons stated below, the Complaint is dismissed for failure to allege subject matter jurisdiction.

## BACKGROUND

The following facts are taken from the Complaint and will be taken as true for purposes of this motion. Plaintiff was formerly the president and chief executive officer of Pacific Summa while it maintained offices in Nesconset, New York. Plaintiff resigned from his positions on March 8, 1998, after which Pacific Summa closed its New York operations and relocated to Vancouver, British Columbia, Canada.

While Plaintiff was president and chief executive officer of Pacific Summa, Pacific Summa was the defendant in a litigation pending in Anchorage, Alaska. Plaintiff was not a party to this litigation. Pacific Summa retained the services of Bogle & Gates P.L.L.C. ("Bogle & Gates") to provide it with legal representation in the Alaska litigation. By personal guarantee dated October 3, 1996, Plaintiff guaranteed the legal fees that were due and owing and to be incurred by Bogle & Gates.

Thereafter, Pacific Summa failed to pay legal fees to Bogle and Gates. Bogle and Gates sued both Pacific Summa and Plaintiff in the Superior Court for the State of Alaska, Third Judicial District at Anchorage to recover its fees. On January 5, 1999, Bogle and Gates was awarded a judgment against Pacific Summa and Plaintiff. The judgment reads as follows:

> [J]udgment shall be entered in favor of Bogle & Gates, P.L.L.C. against Pacific Summa Environmental Corporation and Dennis Kozak, jointly and severally, in the principal amount of $71,687.22, plus prejudgment interest at the rate of 8.0% per annum from November 1, 1996, in the amount of $11,703.95 for a total judgment of $83,391.17 which amount shall accrue interest at the rate of 8.0% per annum until this judgment is paid in full.

(Compl. ¶ 8.)

Bogle & Gates commenced an action in the Supreme Court of the State of New

York, Suffolk County, against Plaintiff seeking to enforce the judgment issued by the Superior Court for the State of Alaska. In connection therewith, Plaintiff's bank account has been frozen and Bogle & Gates is seeking to sell Plaintiff's interest in his marital residence in satisfaction of the outstanding judgment.

On October 18, 2006, Plaintiff filed the instant lawsuit seeking "indemnification and/or reimbursement of any and all mon[ies] due and owing on the [Alaskan] judgment." (Compl. ¶ 10.) The Complaint also seeks an order directing Pacific Summa and Aries "to provide contribution in satisfaction of th[e] judgment amount." (*Id.* ¶ 13.)

## *DISCUSSION*

Although neither party addressed the court's subject matter jurisdiction, the Court raises the issue *sua sponte*. *See Franceskin v. Credit Suisse*, 214 F.3d 253, 257 (2d Cir. 2000) ("[T]he Court may examine subject matter jurisdiction, *sua sponte*, at any stage of the proceeding.") (citations and internal quotation marks omitted); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Jurisdiction is premised upon diversity jurisdiction pursuant to 28 U.S.C. § 1332. (Compl. ¶ 5.) The diversity jurisdiction statute provides in relevant part:

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between –
>
> (2) citizens of a State and citizens or subjects of a foreign state.

28 U.S.C. § 1332(a)(2). Although it is well-established that allegations of residency alone cannot establish citizenship, *see Canedy v. Liberty Mutual Ins. Co.*, 126 F.3d 100, 103 (2d Cir. 1997), Plaintiff's Complaint merely alleges that he "resides" in New York. Similarly, while a

corporation is a citizen of both the state in which it is incorporated and the state in which it has its principal place of business, *see* 28 U.S.C. § 1332(c), the Complaint informs us of neither. Instead, it alleges that Pacific Summa "used to conduct its business operations" in New York "prior to its relocation" to Vancouver, which occurred sometime after March 1998. (Compl. ¶¶ 2-3, 7.) In addition, there are no allegations at to Aries's citizenship. The Complaint therefore fails to allege diversity jurisdiction.[1]

A failure to allege facts establishing jurisdiction need not prove fatal to a complaint. By statute, "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." 28 U.S.C. § 1653. Here, Plaintiff did not request leave to amend. Nonetheless, for the reasons that follow, the Court finds that leave to amend is not warranted given that any such amendment would be futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Plaintiff asserts two causes of action, one for contribution and one for indemnity. "Under New York law, the right to contribution does not arise in favor of the defendant unless and until the defendant pays the plaintiff an amount exceeding its equitable share of the primary judgment." *Andrulonis v. United States*, 26 F.3d 1224, 1233 (2d Cir. 1994) (citing *Klinger v. Dudley*, 41 N.Y.2d 362, 369 (1977)). "Because the underlying right to contribution is necessarily conditioned upon the defendant's satisfaction of the primary judgment, the judgment entered upon that claim should reflect this contingency." *Id.* at 1234. Here, Plaintiff does not

---

[1] Even assuming that Aries, the successor corporation, is a Canadian corporation, it appears likely that Pacific Summa is a citizen of New York for diversity purposes, thus destroying diversity jurisdiction. *See Herrick Co., Inc. v. SCS Commc'ns, Inc.*, 251 F.3d 315, 322 (2d Cir. 2001) ("Diversity jurisdiction is available only when all adverse parties to a litigation are completely diverse in their citizenships.").

claim that he has paid any portion of the judgment. Instead, he cites to N.Y. C.P.L.R. § 1007 which permits a defendant to implead a third party "who is or may be liable to that defendant for all or part of the plaintiff's claim against that defendant." Plaintiff argues that "it is rudimentary that if Bogle & Gates, P.L.L.C. had commenced its action in the Courts of the State of New York that [Plaintiff] would have had the right to immediately file a claim against the Defendants Pacific Summa and Aries Resource Corp. notwithstanding that he did not first satisfy the judgment amount due and owing Bogle & Gates, P.L.L.C." (Pl.'s Mem. at 28.) Plaintiff's argument misconstrues the purpose behind the impleader rules.

Rule 1007's counterpart in the federal system is Rule 14(a), which "permits a defendant to implead a joint tortfeasor for contribution before the right to contribution accrues, because that third party 'may be' liable to the defendant for a share of the plaintiff's primary judgment. The defendant's claim for contribution is thus properly characterized as 'contingent.'" *Andrulonis*, 26 F.3d at 1233. It warrants underscoring, however, that "[R]ule 14(a) . . . provides only the procedural mechanism for impleader; the substantive merit of the action depends on the federal or state theory of contribution, indemnity, or any other theory found in the third-party complaint." *Bank of India v. Trendi Sportswear, Inc.*, 239 F.3d 428, 438 (2d Cir. 2000) (citation and internal quotation marks omitted).

Thus, even putting aside the fact that Bogle & Gates did not commence suit in New York but rather filed in Alaska, where Plaintiff could have asserted his contribution claim by way of cross-claiming against Pacific Summa, the right to impleader does not create an independent cause of action permitting un-accrued claims for contribution to be maintained prior to suit. Accordingly, any claim asserted by Plaintiff for contribution at this juncture would be

5

futile.

With regard to Plaintiff's claim for indemnity, "New York law recognizes agreements that indemnify against loss and those that indemnify against liability."[2] *Pfizer, Inc. v. Stryker Corp.*, 348 F. Supp. 2d 131, 150 (S.D.N.Y. 2004). "Under an agreement to indemnify against loss, a claim does not accrue until the indemnified party has made a payment, or actually suffered a loss." *Id.* "A right to indemnification against liability, however, arises when the party faces a fixed liability, even though it has not paid the claim and thus suffered no damage." *Id.* at 150-51; *see also Hutton Constr. Co. v. County of Rockland*, 52 F.3d 1191, 1193 (2d Cir. 1995) ("[A]greements to indemnify against liability become enforceable when the liability is fixed, rather than solely upon the indemnified party's satisfaction of that liability.") (citation and internal quotation marks omitted).

Here, there is no indication as to what kind of agreement, if any, Plaintiff had with Pacific Summa. The Complaint merely indicates that Plaintiff delivered a personal guarantee to Bogle & Gates guaranteeing Pacific Summa's payment of legal fees. Plaintiff's papers submitted in opposition to Defendants' motion are similarly lacking. (*See* Pl.'s Aff., dated Mar. 20, 2007.) Accordingly, the Court finds that any amendment would be futile.

## *CONCLUSION*

For the foregoing reasons, the Complaint is dismissed for failure to allege

---

[2] The Court will apply New York law as both Plaintiff and Defendants have presented only New York law. *See Haywin Textile Prods., Inc. v. Int'l Fin. Inv. and Commerce Bank Ltd.*, 152 F. Supp. 2d 409, 413 (S.D.N.Y. 2001) ("In New York, it is required that a party wishing to apply the law of a foreign state show how that law differs from the forum state's law. Failure to do so results in the application of New York law.") (internal quotation marks and citation omitted).

diversity jurisdiction.

**SO ORDERED.**

Dated: Central Islip, New York
January 30, 2008                    /s/ _____
                                    Denis R. Hurley
                                    United States District Judge